**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN DOE, | ) | COMPLAINT |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case. No.: 1:16-cv-7359 |
| | ) | |
| JANE DOES 1-3, | ) | |
| | ) | |
| Defendants. | ) | JURY TRIAL |

**COMPLAINT**

NOW COMES the Plaintiff JOHN DOE ("Plaintiff"), by and through his attorneys, Mudd Law Offices, and complains of Defendants JANE DOES 1-3 ("Defendants"), upon personal information as to his own activities, and upon information and belief as to the activities of others and all other matters, and states as follows:

**NATURE OF ACTION**

1. This is an action for violation of Cyberpiracy Protection for Individuals, 15 U.S.C. § 8131, the Anti-Cybersquatting Protection Act, 15 U.S.C. § 1125(d) ("ACPA") and Illinois Right to Publicity Act, 765 ILCS § 1075/30; defamation *per se*; and, false light.

2. By this action, the Plaintiff seeks compensatory damages, punitive damages, attorney's fees and costs, injunctive relief, and all other relief to which he may be entitled as a matter of law.

**PARTIES**

3. THE PLAINTIFF is a citizen of Illinois and a resident of Cook County, Illinois.

4. JANE DOES 1-3 are unknown individuals.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of the Plaintiff's federal statutory claims pursuant to 28 U.S.C. § 1331. This Court has supplemental jurisdiction over the subject matter of the Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

6. This Court may exercise personal jurisdiction over the Defendants because they directed their activities to harm the Plaintiff in Illinois.

7. Venue in this district is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this district. Further, the Defendants directed their conduct toward Plaintiff in this district.

8. The Defendants engaged in intentional conduct with actual malice that has harmed the Plaintiff.

9. The Plaintiff has been injured by the Defendants' conduct and has suffered damages resulting therefrom.

## FACTUAL BACKGROUND

10. The Defendants obtained the domain name JohnDoe.com ("Plaintiff Domain").[1]

11. The Defendants also created a website appearing at the Plaintiff Domain that contains false information about the Plaintiff with the intent to harm the Plaintiff and his reputation.

12. The Defendants registered the Plaintiff Domain through the service "Domains By Proxy" which allows the Defendants to remain anonymous.

[1] The actual domain name has been omitted for purposes of protecting the privacy and reputation of the Plaintiff. Additionally, it has been omitted to avoid bringing additional traffic to the website at the domain name.

13. After registering the Plaintiff Domain and creating the website, the Defendants thereafter contacted the Plaintiff and suggested the content found at the Plaintiff Domain could be removed should Plaintiff agree to purchase the "premium" domain.

14. The Defendants directed the Plaintiff to a website where the purchase price for the Plaintiff Domain listed at $99,999.00.

15. The Defendants advised the Plaintiff that the content would be removed once the transfer of the Plaintiff Domain had completed.

*Plaintiff Domain*

16. On the website found at the Plaintiff Domain name ("Website"), the Defendants published false statements about Plaintiff.

17. Specifically, the Website contains text that purportedly links to a story written by a female "victim" of Plaintiff.

18. No story exists.

19. Moreover, the Plaintiff did not victimize anyone. Certainly, there is no female "victim" of the Plaintiff.

20. The foregoing statement made by the Defendants about Plaintiff on the Website ("Website Statement") is false and defamatory.

21. Specifically, the Website Statement imputes criminal activity.

22. Specifically, the Website Statement also imputes that the Plaintiff engaged in adultery.

23. The Website also includes a private photograph of Plaintiff.

24. The Defendants had no authorization or permission to use the Plaintiff's photograph on the Website.

25. The Defendants had no authorization or permission to use the Plaintiff's identity or likeness in registering the Plaintiff Domain.

26. The Defendants had no authorization or permission to use the Plaintiff's identity or likeness in creating the Website at the Plaintiff Domain.

27. The Defendants have no *bona fide* rights or interest in the Plaintiff Domain.

28. The Defendants registered the Plaintiff Domain and created the Website to harass the Plaintiff and extort money from him.

29. The Defendants registered the Plaintiff Domain for commercial purposes.

30. Specifically, the Website also includes a link where visitors are advised they can "show their support" by purchasing the Plaintiff Domain.

31. The Plaintiff Domain is currently listed on a domain name auction house hosted by GoDaddy, LLC with a starting bid of $99,999.00.

32. The Website also advises visitors they can donate directly to assist the Defendants in their continued costs of publishing additional information about the Plaintiff.

**Public Perception**

33. Since the publication of the Website Statement, any individual reading the statements might believe the Plaintiff to be guilty of criminal conduct.

34. Since the publication of the Website Statement, any individual reading the statements might believe the Plaintiff engaged in adultery.

**Intent and Actual Malice**

35. The Defendants acted with intent and actual malice when they engaged in the foregoing conduct because they intended to extort, harass and harm the Plaintiff and his reputation.

36. The foregoing conduct by the Defendants shall hereinafter be referred to as the "Wrongful Conduct."

**Harm**

37. The Plaintiff has suffered, and continues to suffer, harm arising from the Defendants' Wrongful Conduct.

38. The Defendants' Wrongful Conduct has caused the Plaintiff to suffer and continue to suffer from harmed reputation, humiliation, embarrassment, and emotional distress.

**CLAIMS FOR RELIEF**

**COUNT ONE**

**AS AND FOR A FIRST CAUSE OF ACTION**

**VIOLATION OF 15 U.S.C. § 8131**

**CYBERPIRACY PROTECTION FOR INDIVIDUALS**

39. The Plaintiff hereby incorporates by reference Paragraphs 1 through 38 above in this First Count as though fully set forth herein.

40. The Defendants registered the Plaintiff Domain.

41. The Defendants did not have the Plaintiff's consent to register the Plaintiff Domain.

42. The Plaintiff is a living person.

43. The Plaintiff Domain is identical to the Plaintiff's legal name, including his middle initial.

44. If the Plaintiff Domain is not identical to the Plaintiff's legal name, the Plaintiff Domain is substantially and/or confusingly similar to the Plaintiff's name.

45. The Defendants do not have the same name as the Plaintiff.

46. The Defendants do not have any trademark rights in the Plaintiff's name.

47. The Defendants do not have any trademark rights in the Plaintiff Domain.

48. The Defendants registered the Plaintiff Domain in bad faith.

49. The Defendants registered the Plaintiff Domain with the specific intent to profit by selling the Plaintiff Domain to the Plaintiff for $99,999.00.

50. The Defendants do not have any *bona fide* noncommercial or fair use of the Plaintiff Domain.

51. The Defendants acted willfully and/or intentionally.

52. Upon information and belief, the Defendants have engaged in similar conduct

with other individuals.

53. Where any one defendant is not the registrant of the Plaintiff Domain, such defendant is an authorized licensee of the Plaintiff Domain's registrant.

54. Based on the foregoing conduct, the Defendants violated 15 U.S.C. § 8131.

55. As a result of the Defendants' Wrongful Conduct, the Plaintiff has suffered injuries and damages resulting therefrom that include, but are not limited to, violation of his statutory rights and harmed reputation.

56. WHEREFORE, the Plaintiff seeks:

A. Transfer of the Plaintiff Domain to the Plaintiff;

B. An award of costs and attorneys' fees to the Plaintiff;

C. Further Injunctive relief in the form of:

a. An order instructing the host of the Website to disable the Website;

b. An order permanently denying the Defendants any access to the Website and the Plaintiff Domain;

c. An order enjoining the Defendants from obtaining any domain using the Plaintiff's name;

d. An order enjoining the Defendants from using the Plaintiff's name in any context; and,

e. An order transferring the Plaintiff Domain to the Plaintiff; and,

D. Any such other relief to which the Plaintiff may be entitled or as justice may require.

**COUNT TWO**

**AS AND FOR A SECOND CAUSE OF ACTION**

**VIOLATION OF ANTICYBERSQUATTING CONSUMER PROTECTION ACT**

**15 U.S.C. § 1125(d)**

57. The Plaintiff hereby incorporates by reference Paragraphs 1 through 38 above in this Second Count as though fully set forth herein.

58. The Defendants registered the Plaintiff Domain.

59. The Plaintiff Domain is identical to the Plaintiff's legal name, including his middle initial.

60. The Plaintiff Domain is confusingly similar to the Plaintiff's name.

61. The Defendants do not have the same name as the Plaintiff.

62. The Defendants do not have any trademark rights in the Plaintiff's name.

63. The Defendants do not have any trademark rights in the Plaintiff Domain.

64. The Defendants have not previously used the Plaintiff Domain for the *bona fide* offering of any goods or services.

65. The Defendants do not have any *bona fide* noncommercial or fair use of the Plaintiff Domain.

66. The Defendants registered the Plaintiff Domain in bad faith.

67. The Defendants have listed the Plaintiff Domain for sale and are, thereby, intending to traffic and/or trafficking the domain.

68. The Defendants registered the Plaintiff Domain with the intent to divert the Plaintiff's business associates and the general public to the Plaintiff Domain and the Website thereon.

69. Further, the Defendants registered the Plaintiff Domain with the intent to divert

the Plaintiff's business associates and the general public to the Plaintiff Domain and the Website thereon for purposes of increasing the value to the Plaintiff in having the Website and its content removed.

70. Further, the Defendants registered the Plaintiff Domain with the intent to divert the Plaintiff's business associates and the general public to the Plaintiff Domain and the Website thereon for other purposes designed to increase revenue and profit to the Defendants at the Plaintiff's expense.

71. Further, the Defendants registered the Plaintiff Domain with the intent to divert the Plaintiff's business associates and the general public to the Plaintiff Domain and the Website thereon to tarnish or disparage the Plaintiff's name.

72. The Defendants offered the Plaintiff Domain to the Plaintiff in exchange for monetary compensation without any prior or existing bona fide offering of goods or services.

73. The Defendants have used the Plaintiff Domain.

74. The Defendants have a bad faith intent to profit from the Plaintiff's name and the Plaintiff Domain.

75. The Defendants acted willfully and/or intentionally.

76. Upon information and belief, the Defendants have engaged in similar conduct with other individuals.

77. Where any one defendant is not the registrant of the Plaintiff Domain, such defendant is an authorized licensee of the Plaintiff Domain's registrant.

78. Based on the foregoing conduct, the Defendants violated the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

79. As a result of the Defendants' Wrongful Conduct, the Plaintiff has suffered

injuries and damages resulting therefrom that include, but are not limited to, violation of his statutory rights and harmed reputation.

80. WHEREFORE, the Plaintiff seeks:

A. Transfer of the Plaintiff Domain to the Plaintiff;

B. An award of three times the Plaintiff's actual damages or statutory damages up to $100,000.00, whichever is greater;

C. An award of costs and attorneys' fees to the Plaintiff;

D. Injunctive relief in the form of:

a. An order instructing the host of the Website to disable the Website;

b. An order permanently denying the Defendants any access to the Website and the Plaintiff Domain;

c. An order enjoining the Defendants from obtaining any domain using the Plaintiff's name;

d. An order enjoining the Defendants from using the Plaintiff's name in any context; and,

e. An order transferring the Plaintiff Domain to the Plaintiff; and,

E. Any such other relief to which the Plaintiff may be entitled or as justice may require.

**COUNT THREE**

**AS AND FOR A THIRD CAUSE OF ACTION**

**VIOLATION OF ILLINOIS RIGHT TO PUBLICITY ACT**

**765 ILCS § 1075/30**

64. The Plaintiff hereby incorporates by reference Paragraphs 1 through 38 above in this Third Count as though fully set forth herein.

65. The Defendants used the Plaintiff's identity for commercial purposes during the Plaintiff's lifetime.

66. Specifically, the Defendants purchased the Plaintiff Domain with the intent to profit from the use of Plaintiff's name.

67. Indeed, the Defendants listed the Plaintiff Domain for sale at a price of $99,999.00.

68. The Defendants did not obtain written consent from the Plaintiff to use his identity and/or likeness.

69. The foregoing conduct violates the Illinois Right to Publicity Act, 765 ILCS § 1075/30.

70. The Defendants acted willfully in violating 765 ILCS § 1075/30.

71. As a result of the Defendants' violation of the Illinois Right to Publicity Act, the Plaintiff has suffered and continues to suffer damages including, but not limited to, violation of his statutory rights, diminished goodwill in his name, and harmed reputation.

72. WHEREFORE, the Plaintiff seeks:

A. An award of his actual damages and/or profits derived from the unauthorized use or statutory damages of $1,000.00, whichever is greater;

B. An award of punitive damages;

C. An award of costs and attorneys' fees to the Plaintiff;

D. Injunctive relief in the form of:

a. An order instructing the host of the Website to disable the Website;

b. An order permanently denying the Defendants any access to the Website and the Plaintiff Domain;

c. An order enjoining the Defendants from obtaining any domain using the Plaintiff's name;

d. An order enjoining the Defendants from using the Plaintiff's name in any context; and,

e. An order transferring the Plaintiff Domain to the Plaintiff; and,

E. Any such other relief to which the Plaintiff may be entitled or as justice may require.

**COUNT FOUR**

**AS AND FOR A FOURTH CAUSE OF ACTION**

**DEFAMATION *PER SE***

73. The Plaintiff hereby incorporates by reference Paragraphs 1 through 38 above in this Fourth Count as though fully set forth herein.

74. The Defendants falsely state on the Website that the Plaintiff victimized a woman ("Website Statement").

75. The Plaintiff did not victimize a woman.

76. The Plaintiff has never victimized a woman.

77. The Website Statement can be reasonably understood as imputing the commission of a crime against a woman.

78. The Plaintiff did not commit any crimes against a woman.

79. The Plaintiff has never committed any crimes against a woman.

80. Additionally, the Website Statement falsely imputes adultery.

81. The Website Statement represents false and defamatory statements published by the Defendants about the Plaintiff.

82. The Website Statement has prejudiced the Plaintiff in his profession.

83. The Defendants published the Website Statement concerning the Plaintiff to third parties.

84. The Website Statement identifies the Plaintiff by name.

85. The Website Statement appeared on a website at a domain bearing the Plaintiff's name.

86. Persons other than the Plaintiff and the Defendants would and actually have reasonably understood that the Website Statement related to and was about the Plaintiff.

87. The Defendants presented the Website Statement as fact.

88. The Website Statement constitutes an unprivileged publication of defamatory statements by the Defendants to third parties.

89. The Defendants made the Website Statement with actual malice knowing the falsity of the statements therein.

90. The Website Statement constitutes defamation *per se* because it falsely imputes the commission of a crime.

91. The Website Statement constitutes defamation *per se* because it imputes adultery.

92. The Website Statement constitutes defamation *per se* because it imputes a lack of integrity.

93. The Website Statement constitutes defamation *per se* because it prejudices the Plaintiff in his profession.

94. As a result of the Defendants' Wrongful Conduct and the publication of the Website Statements, the Plaintiff has suffered and continues to suffer damages including, but not limited to, harmed reputation.

95. WHEREFORE, the Plaintiff seeks an award of compensatory and punitive damages arising from the Defendants' *per se* defamation of him.

**COUNT FIVE**

**AS AND FOR A FIFTH CAUSE OF ACTION**

**FALSE LIGHT**

96. The Plaintiff hereby incorporates by reference Paragraphs 1 through 38 above in this Fifth Count as though fully set forth herein.

97. The Website Statement casts the Plaintiff in a false light by falsely claiming he engages in criminal conduct against a woman.

98. The Website Statement casts the Plaintiff in a false light by falsely claiming he engaged in adultery.

99. The Defendants published the Website Statement concerning the Plaintiff to third parties.

100. The Website Statement identified the Plaintiff by name.

101. Persons other than the Plaintiff and the Defendants would and actually have reasonably understood that the Website Statement related to and was about the Plaintiff.

102. The Defendants made the foregoing statement on and through the Internet.

103. By publishing the Website Statement on and through the Internet, the Defendants intentionally published the statement to a wide audience.

104. The Website Statement has prejudiced the Plaintiff in his profession.

105. The Website Statement made by the Defendants about the Plaintiff are and would

be highly offensive to a reasonable person.

106. The Defendants made the Website Statement with actual malice knowing the falsity of the statements contained therein.

107. As a result of the Defendants' casting the Plaintiff in a false light, the Plaintiff has suffered and continues to suffer damages including, but not limited to, harmed reputation.

108. WHEREFORE, the Plaintiff seeks an award of compensatory and punitive damages arising from the Defendants placing him in a false light.

## GENERAL

109. Where conditions precedent are alleged, the Plaintiff avers that all conditions precedent have been performed or have occurred.

110. The Plaintiff demands a jury trial.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF JOHN DOE accordingly and respectfully prays for judgment against DEFENDANTS JANE DOES 1-3 as follows:

1. That THE PLAINTIFF be awarded statutory damages in an amount to be determined at trial;

2. That THE PLAINTIFF be awarded compensatory damages in an amount to be determined at trial;

3. That THE PLAINTIFF be awarded punitive damages in an amount to be determined at trial;

4. That THE PLAINTIFF be awarded the injunctive relief sought including, but not limited to:

    a. An order instructing the host of the Website to disable the Website;

    b. An order permanently denying the Defendants any access to the Website and the Plaintiff Domain;

    c. An order enjoining the Defendants from obtaining any domain using the Plaintiff's name;

    d. An order enjoining the Defendants from using the Plaintiff's name in any context; and,

    e. An order transferring the Plaintiff Domain to the Plaintiff; and,

5. That THE PLAINTIFF be awarded any such other and further relief as this Court may deem just and proper or to which Plaintiff may be entitled as a matter of law and equity.

Dated: Chicago, Illinois
July 19, 2016

PLAINTIFF,
JOHN DOE

s/Charles Lee Mudd Jr.
By: One of His Attorneys
Charles Lee Mudd Jr.
MUDD LAW OFFICES
3114 West Irving Park Road
Suite 1W
Chicago, Illinois 60618
773.588.5410 Telephone
773.588.5440 Facsimile
Illinois ARDC: 6257957
clm@muddlaw.com

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN DOE, | ) | COMPLAINT |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:16-cv-7359 |
| | ) | |
| JANE DOES 1-3, | ) | |
| | ) | |
| Defendants. | ) | DEMAND FOR JURY TRIAL |

**JURY DEMAND**

Plaintiff John Doe demands trial by jury.

s/Charles Lee Mudd Jr.___
Charles Lee Mudd Jr.