IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| John Doe, | : |
| Plaintiff, | : Case No. 16-cv-07359 |
| v. | : Judge Rebecca Pallmeyer |
| Jane Does, 1-3, | : Magistrate Judge Michael Mason |
| Defendants. | |

**INTERVENOR EUGENE VOLOKH'S MOTION FOR RECONSIDERATION AND MOTION TO EXTEND TIME TO FILE NOTICE OF APPEAL**

**1.** Intervenor Eugene Volokh moves this Court to reconsider, under Fed. R. Civ. P. 59(e) or Fed. R. Civ. P. 60(b), its Order of April 1, 2019 redacting documents. Volokh seeks this because the redactions appear to mistakenly exceed the scope of this Court's Order of Mar. 11, 2019 unsealing the record, a matter that Volokh could only discover once the April 1 Order was entered. "Motions for reconsideration" may be used to seek "to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996); *see also In re Motion to Unseal Court Records*, No. 18-00477, 2019 WL 1495248, *1 n.1 (D. Haw. Apr. 4, 2019) (treating a Local Rule implementing Fed. R. Civ. P. 59 and 60, D. Haw. Local R. 60.1, as allowing a party to move to reconsider a denial of an unsealing order).

1

Volokh, who has been researching and writing about libel injunctions, moved to unseal the record in this case because he wants to review the allegedly libelous statements—in particular, the allegations of sexual misconduct—that led this Court to issue broad injunctions against the defendant and third parties. *See* Mot. to Intervene and Unseal, ECF No. 38 at 2, 12; Reply, ECF No. 49, at 6-7. The unsealed portions of the documents, ECF No. 13, 14, and 15, do show the evidence of extortion on which this Court relied;[1] the unsealed documents do not, however, appear to disclose material that seems to fall within the category of "several false and defamatory statements about [plaintiff]" described in this Court's Order of Feb. 12, 2019, ECF No. 54 at 2.[2]

As a result, the redactions appear inconsistent with this Court's conclusion "that there is good cause to maintain under seal only that information that reveals the identity of the John Doe Plaintiff." Order of Mar. 11, 2019, ECF No. 60. This language suggests that only the plaintiff's name should have been kept hidden and that the allegedly false and defamatory statements were mistakenly redacted from the exhibits. Volokh therefore asks this Court to reconsider the redactions implemented by the Order of Apr. 1, 2019, and to unredact the allegedly libelous statements and any other nonidentifying material posted to the defendant's website. Alternatively, if none of the statements in ECF No. 14 exh. B were indeed defamatory, Volokh would appreciate knowing that, because such knowledge would shed more detailed light on the basis for the injunctions issued in this case.

---

[1] ECF No. 14 exh. A.
[2] *See, e.g.*, ECF No. 14 exh. B, the redacted printout of the defendant's website.

It is not clear whether the proper vehicle for this motion is Rule 59(e) or 60(b). "Motions to reconsider . . . are construed either as Rule 59(e) motions to alter/amend or Rule 60(b) motions for relief from judgment/order." *Loch v. Board of Educ. Of Edwardsville Community School Dist. #7*, 2007 WL 2973849, *1. "The Seventh Circuit has delineated a bright-line test to determine which Rule governs. If the motion to reconsider was filed within ten days of the challenged judgment or order, then Rule 59(e) applies." *Id*. (citing three Seventh Circuit cases, which involved motions to reconsider judgments); *see also Virginia Department of State Police v. Washington Post*, 386 F.3d 567, 573 n.2 (4th Cir. 2004) (motion to reconsider a sealing order should have been considered under Rule 59(e), rather than Rule 60(b)(6), because the party "filed the motion within 10 days after the order was entered").

Volokh is filing this motion within 10 days of the April 1, 2019 Order; he is therefore eligible for reconsideration under Rule 59(e). But if this Court concludes that Rule 59(e) applies only to motions to alter judgments rather than other orders (because of the rule's reference to judgments, and because the Seventh Circuit precedents cited by *Loch* involved motions to reconsider judgments), then this motion is timely under Rule 60(b), which also applies to orders.

**2.** If it is impossible to unredact the allegedly libelous statements without disclosing the plaintiff's name, Volokh moves under Rule 60(b) for reconsideration of this Court's decision, in its Order of Mar. 11, 2019, to keep the plaintiff's name redacted. For the reasons given in the original Motion and the Reply, the public should be able

3

to understand the nature of the alleged libels that led in part to the orders in this case, which restricted the speech not just on defendant but on third parties.

**3.** Out of caution—and given the unusual procedural posture, with the unsealing order falling outside the 10-day period but the order implementing it falling within the 10-day period—Volokh also asks this Court to extend the time to file a notice of appeal, under Fed. R. App. P. 4(a)(5)(A). The time to file a notice of appeal from the Mar. 11, 2019 Order may be understood as expiring today, Apr. 10, 2019 (though it could also be understood as extending to 30 days after the Apr. 1, 2019 Order that implemented the Mar. 11, 2019 Order). Volokh therefore could have filed the notice of appeal today, but only at the cost of divesting this Court of jurisdiction to hear the motion for reconsideration. "[O]nce a notice of appeal is filed with the district court it is divested of jurisdiction over the case, and the appellate court assumes jurisdiction." *Grube v. Lau Industries, Inc.*, 257 F.3d 723, 731 (7th Cir. 2001). Volokh therefore requests that this Court extend the time to file a notice of appeal from the Mar. 11 Order until after this Court decides the motion to reconsider.

Volokh recognizes that the Fed. R. App. 4(a)(5)(A) extension may not be necessary if his motion for reconsideration is considered under Rule 59(e), see Fed. R. App. 4(a)(4)(A)(iv). But if this Court instead decides to construe this motion as being brought under Rule 60(b), there is good cause under Fed. R. App. P. 4(a)(5)(A)(ii) to extend the time to file a notice of appeal—precisely because the redactions were not implemented until more than 10 days after this Court's Mar. 11 Order, so it would be

4

impossible for Volokh to move for reconsideration under Rule 59(e) without losing his right to appeal.

                                                Respectfully submitted,

                                                s/ <u>Eugene Volokh</u>
Eugene Volokh, pro se
Scott & Cyan Banister
  First Amendment Clinic
UCLA School of Law
405 Hilgard Ave.
Los Angeles, CA 90095
(310) 206-3926
volokh@law.ucla.edu

## CERTIFICATE OF SERVICE

I certify that on April 10, 2019, I filed these motions via ECF, which caused plaintiff's counsel to be served. I am unable to serve defendants, who are not registered with ECF, and whose identity I do not know.

s/ <u>Eugene Volokh</u>
Eugene Volokh, pro se
